IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:16-69-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| NIKIJA JACKSON | ) | |
| _____ | ) | |

This matter is before the court upon the defendant's third motion for compassionate release pursuant to the First Step Act of 2018[1] and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 1169).

The government has responded in opposition, arguing that the defendant has not shown an extraordinary and compelling reason for release. The defendant replied to the government's response.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. Finding no substantial difference in the defendant's medical situation since this court's last denial, the defendant's motion is respectfully denied for the reasons which follow.

STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

1

(4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(I) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals are to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)." As a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

3

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As noted previously in this order and as set out in *McCoy*, because there is no applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

*Exhaustion of Administrative Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on their behalf. The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

The government does not raise exhaustion in its brief and the defendant attests that he has exhausted his administrative remedies. Thus, the court will proceed to review the matter on the merits.

## DISCUSSION

### I. *Defendant's Medical Conditions*

In July 2020, the defendant filed his first motion for compassionate release (ECF No. 1095), alleging that he was a paraplegic suffering from bladder and bowel incontinence, high blood pressure, and back and neck pain. He contended that these medical conditions placed him at a risk of becoming seriously ill from COVID-19. In August 2020, after considering the applicable law, the § 3553(a) factors, and the entire record before it, this court concluded that the defendant had not met his burden of establishing that he was eligible for consideration of release because he had not presented extraordinary and compelling reasons to warrant such a reduction in his sentence. In doing so, the court noted in its order (ECF No. 1098) that the defendant's five separate drug dealing convictions over the years were all committed *after* he suffered his spinal injury.

In his second motion for compassionate release (ECF No. 1113), the defendant contended that he had contracted COVID, and that he should be released under the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. This court

considered the second motion and denied relief as district courts lack authority to govern designation of prisoners under § 3624(c)(2) (ECF No. 1114).

In this, his third motion (ECF No. 1169), the defendant raises nothing new. He simply argues once again that he is more particularly susceptible to various complications that could result from COVID. He advises that COVID has caused him "numerous systems" which this court interprets to mean he has numerous "symptoms" resulting from having contracted COVID.

*Post-Sentencing Conduct*

While incarcerated, the defendant has received two disciplinary infractions in late 2020 for phone abuse/disrupt monitoring and possessing an unauthorized item.

Commendably, the defendant has taken 19 education courses since his incarceration. It also appears that he has had a work detail at camp admissions and orientation.

The defendant is 48 years old and is scheduled for release in June 2027. He is currently housed at the Federal Medical Center in Springfield, Missouri.

Once again, this court is unpersuaded that the defendant's medical conditions justify an immediate release at this time. The defendant has failed to show an extraordinary and compelling reason for consideration of his release based upon his medical conditions alone.

II. *Subsequent Changes in Sentencing Law*

Although the defendant does not raise it in his pleadings, this court will briefly address non-retroactive changes in sentencing law that have been placed on the books since

the defendant's original sentencing in August 2019. In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit Court of Appeals authorized courts to considered non-retroactive changes in sentencing law as potential extraordinary and compelling reasons for consideration of a defendant's release.

Here, the Presentence Report (PSR) (ECF No. 1040) noted one enhancement under 21 U.S.C. § 851 on his record from a previous conviction which subjected him to a mandatory minimum sentence. He also had two or more convictions that qualified him as a career offender. The § 851 enhancements may no longer be valid and the defendant's career offender status may no longer be valid in light of *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019).

However, all of these changes in the sentencing laws are of no significance in this case. The defendant pleaded guilty in a written plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), which provided for an agreed upon sentence of 120 months. This is well below the 263 to 327 months of incarceration suggested by the PSR in light of the defendant's career offender status and § 851 enhancement. The defendant had a criminal history category of VI and a total offense level of 34.

At sentencing, the court actually issued a variance *below* the agreed upon 120-month sentence to 108 months incarceration. In the Statement of Reasons (SOR) portion of the Judgment and Commitment order in this case (ECF Nos. 1041, 1042), it is revealed that the court's variance was based upon the defendant's role in the offense, his age, and the fact that

7

certain predicate offenses were nearly stale.

In summary, although the court has considered changes in sentencing law that might constitute grounds for a showing of extraordinary and compelling reasons for release, the court, after careful reflection, has determined that these changes are of no significance given the sentence ultimately imposed in this case.[2]

## CONCLUSION

After carefully considering the applicable law, the arguments of the parties, and the record before it, the court concludes that the defendant has not met his burden of establishing that he has an extraordinary and compelling reason such that he is eligible for release under § 3582(c)(1)(A). For the foregoing reasons, the defendant's motion (ECF No. 1169) is respectfully denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 30, 2022                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge

---

[2] This court denied the defendant's motion pursuant to 28 U.S.C. § 2255 after holding an evidentiary hearing and determining that counsel was not ineffective (ECF No. 1156). This court also denied the defendant's motion for a reduction of sentence pursuant to Amendment 782 of the U.S. Sentencing Guidelines. The court found that the defendant had already received the full benefit of Amendment 782 when he was sentenced in 2019 as such Amendment had been incorporated into the Guidelines Manual used at his sentencing.